# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

|  |  |  |
|---|---|---|
| SHANSHAN KONG, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **No. 2:23-cv-02405-TLP-atc** |
| CHATHAM VILLAGE HOA, FAITH | ) | |
| MANAGEMENT & REALTY GROUP, | ) | |
| WAYNE MINK, and ESTATE | ) | |
| VENTURES, LLC, | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION AND
## ORDER ON PENDING MOTIONS

Before the Court by Order of Reference[1] are several motions and related filings.  On July 27 and 31, 2023, Defendants Faith Management & Realty Group ("Faith Management"), Wayne Mink, Chatham Village HOA ("Chatham Village"), and Estate Ventures, LLC ("Estate Ventures") each filed a Motion to Dismiss.[2]  (ECF Nos. 11, 12, 14, 15.)  On August 10 and 14, 2023, Plaintiff Shanshan Kong filed Responses to those Motions, as well as affirmative Motions for Summary Judgment as to each Defendant.  (ECF Nos. 18–21.)  On August 18 and 21, 2023,

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

[2] The Motions to Dismiss each assert defenses under Federal Rules of Civil Procedure 12(b)(1) (subject matter jurisdiction) and 12(b)(6) (failure to state a claim).  The Motions filed by Faith Management, Mink, and Estate Ventures also raise challenges to service of process under Rule 12(b)(5), whereas the Motion filed by Chatham Village does not.  For the reasons discussed below, the Court will address the merits of the Rule 12(b)(5) defenses herein, but the Rules 12(b)(1) and 12(b)(6) components of the Motions would become moot by the recommendations below.

each Defendant filed a Reply in support of its respective Motion to Dismiss.  (ECF Nos. 22–25.)

Without leave of Court, Kong filed a document entitled "Plaintiff's Objections to Defendant's

Reply," which acts as an unauthorized sur-reply to the Motions to Dismiss.  (ECF No. 29.)  On

August 25, 2023, Mink and Chatham Village each filed Responses to Kong's respective Motions

for Summary Judgment.  (ECF Nos. 30, 31.)  On August 28, 2023, Kong filed Replies in support

of her Motions for Summary Judgment as to Mink and Chatham Village.  (ECF Nos. 32–34.)  On

August 29, 2023, Faith Management filed a Response to the Motion for Summary Judgment

(ECF No. 35), to which Kong filed a Reply on September 11, 2023 (ECF No. 40).  Also on

September 11, 2023, Estate Ventures filed a Response to the Motion for Summary Judgment

(ECF No. 41), to which Kong filed a Reply on October 2, 2023 (ECF No. 42).

Then, on October 17, 2023, Kong filed a Motion for Leave to Amend Complaint (ECF

No. 43), along with her proposed Amended Complaint (ECF No. 43-1) and related exhibits (ECF

No. 43-2).  Defendants filed a joint Response to the Motion to Amend on October 20, 2023.

(ECF No. 44.)  Without leave of Court, Kong filed her Amended Complaint on October 26,

2023.  (ECF No. 45.)  Thereafter, on October 27, 2023, Defendants filed a joint Objection to

Kong's unauthorized filing of her Amended Complaint, which the Court construes as a motion to

strike the Amended Complaint.  (ECF No. 46.)  Finally, Defendants filed a Joint Motion for

Status Conference on December 14, 2023.  (ECF No. 47.)

For the reasons explained below, the Court recommends that the Motion to Amend (ECF

No. 43) be granted in part and denied in part and that Kong be granted leave to file an Amended

Complaint consistent with this Report and Recommendation.  The Court further recommends

that all dispositive motions filed prior to the Motion to Amend on October 17th (ECF Nos. 11,

12, 14, 15, 18, 19, 20, 21) be denied without prejudice.  Specifically, the Court recommends that

the Rule 12(b)(5) portions of the Motions to Dismiss be denied without prejudice and that Kong

be given an additional twenty-one days to effectuate adequate service upon Mink, Estate

Ventures, and Faith Management.  As to the Rule 12(b)(1) portions of the Motions to Dismiss,

because this Report and Recommendation recommends that some of Kong's federal law claims

should survive—thus conferring federal question jurisdiction on the Court—the Court

recommends that the Motions to Dismiss be denied without prejudice as moot with respect to

subject matter jurisdiction.  And with respect to their arguments on the merits, because the Court

recommends granting in part and denying in part the Motion to Amend, the Court further

recommends that the previously-filed dispositive motions be denied without prejudice.

    The Court further grants the motion to strike (ECF No. 46) the Amended Complaint

(ECF No. 45).  Finally, the Court denies Defendants' Motion for Status Conference (ECF No.

47) without prejudice as moot.

## PROPOSED FINDINGS OF FACT

    Because this Report and Recommendation primarily concerns Kong's Motion to Amend,

the alleged facts herein are taken from Kong's proposed Amended Complaint (ECF No. 43-1).

Kong's contentions relate to her ownership of a condominium unit located at 1205 Bristol Drive

# 9, Memphis, Tennessee ("the Condo").  (*Id.* ¶ 1.)  Kong alleges that Defendants refused to

accept Kong's payment of homeowners' association ("HOA") fees, neglected to communicate

with her concerning the resulting overdue HOA fees, failed to send adequate notice of the

foreclosure on the Condo, charged her excessive fees relating to the foreclosure, conducted the

foreclosure in violation of the Chatham Village master deed and Tennessee law, sold the Condo

at foreclosure at a price significantly below market value, improperly removed and damaged her

personal property after the foreclosure, and otherwise conspired together to deprive Kong of her property and civil rights relating to the Condo. (*Id*. ¶¶ 2–16.)

In her proposed Amended Complaint, Kong alleges the following claims: (1) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), by Faith Management and Mink; (2) violation of 42 U.S.C. § 1981 by Chatham Village; (3) fraudulent title transfer in violation of Tenn. Code Ann. § 66-3-305 by Mink and Estate Ventures; (4) violation of 42 U.S.C. § 1985 by all Defendants; (5) violation of the Tennessee Condominium Act, Tenn. Code Ann. § 66-27-415, by Chatham Village and Mink; (6) breach of contract by Chatham Village and Mink; (7) breach of contract by Faith Management; (8) violation of Tennessee trust law concerning the Chatham Village master deed; and (9) violation of the Tennessee forcible entry and detainer ("FED") laws by Estate Ventures. (*Id.* at 7–17.) Due to the variety of Kong's claims against some or all of the Defendants in the proposed Amended Complaint, the Court will address other of Kong's factual allegations when discussing her claims below.

## PROPOSED CONCLUSIONS OF LAW

### I.    Rule 12(b)(5) Issues

Faith Management, Mink, and Estate Ventures each challenge the sufficiency of service of process under Rule 12(b)(5). Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

A trial court, upon motion, may dismiss a complaint for failure to make proper service of process. Fed. R. Civ. P. 12(b)(5). "[W]ithout proper service of process, consent, waiver, or

forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (citing *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)); *see also Collins v. Waste Mgmt.*, No. 2:17-cv-2704-SHL-dkv, 2017 WL 6947871, at *2 (W.D. Tenn. Dec. 22, 2017), *report and recommendation adopted*, 2018 WL 445125 (W.D. Tenn. Jan. 14, 2018) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." (quoting *Omni Cap., Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987))). "And in the absence of personal jurisdiction, a federal court is 'powerless to proceed to an adjudication.'" *King*, 694 F.3d at 655 (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)); *see also Collins*, 2017 WL 6947871, at *2 ("Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." (quoting *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003))).

A plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington-Fayette Urban Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001). In addition, "[b]ecause the pleadings themselves will typically shed no light on service issues, motions to dismiss need not be treated as motions for summary judgment even if they are supported by affidavits or other evidence outside the pleadings." *Boulger v. Woods*, 306 F. Supp. 3d 985, 993 (S.D. Ohio 2018), *aff'd*, 917 F.3d 471 (6th Cir. 2019) (citing *Sawyer*, 18 F. App'x at 287).

Kong attempted to perfect service on Mink, Estate Ventures, and Faith Management via certified mail. (ECF Nos. 7, 8, 9; ECF No. 18, at 16; ECF No. 19, at 18; ECF No. 21, at 17.) These Defendants do not contest that, if done correctly, service by certified mail would constitute valid service. However, these Defendants correctly note that none of the return receipts are

signed, the receipts for Estate Ventures and Faith Management are not directed to an agent

authorized to accept service of process, and nothing else in the Record indicates who received

the certified mail packages from Kong.  (ECF No. 11-1, at 7–8; ECF No. 12-1, at 7–8; ECF No.

15-1, at 7–8.)

Though the Federal Rules do not expressly allow for service by certified mail, Federal

Rule of Civil Procedure 4(e)(1) provides that service can be accomplished by "following state

law for serving a summons in an action brought in courts of general jurisdiction in the state

where the district court is located or where service is made."  The Tennessee Rules, in turn,

allow for service by certified mail:

> Service by mail of a summons and complaint upon a defendant may be made by
> the plaintiff, the plaintiff's attorney or by any person authorized by statute. . . .
> Such person shall send, postage prepaid, a certified copy of the summons and a
> copy of the complaint by registered return receipt or certified return receipt mail
> to the defendant.  If the defendant to be served is an individual or entity covered
> by subparagraph (2), (3), (4), (5), (6), (7), (8), or (9) of this rule, the return receipt
> mail shall be addressed to an individual specified in the applicable subparagraph. .
> . .  Service by mail shall not be the basis for the entry of a judgment by default
> unless the record contains either (a) a return receipt showing personal acceptance
> by the defendant or by persons designated by Rule 4.04 or statute; or (b) a return
> receipt stating that the addressee or the addressee's agent refused to accept
> delivery, which is deemed to be personal acceptance by the defendant pursuant to
> Rule 4.04(11).

Tenn. R. Civ. P 4.04(10).  Importantly, "Tennessee Rule of Civil Procedure 4.03(2) provides that

service by mail is only complete 'if the return receipt is signed by the defendant, or by a person

designated by Rule 4.04 or by statute.'"  *Tepe v. Whirlpool Corp.*, No.: 1:22-cv-136-KAC-SKL,

2022 WL 4288234, at *2 (E.D. Tenn. Sep. 12, 2022) (citing *Hall v. Haynes*, 319 S.W.3d 564,

577 (Tenn. 2010) (discussing "Rule 4.03's explicit restriction of who may sign the return

receipt")).

"The language of Rule 4.03 'sets forth a mandatory requirement rather than a discretionary ideal that need not be strictly enforced to confer jurisdiction over a party.'" *Hall*, 319 S.W. at 577 (quoting *Estate of McFerren v. Infinity Transp., LLC*, 197 S.W.3d 743, 748 (Tenn. Workers Comp. Panel 2006)). When the defendant to be served is an individual, "the rule seems to require that the return receipt be signed by the defendant and no one else." *Id.* (collecting cases). Likewise, when the defendant to be served is a corporate entity, the certified mail must be addressed to a registered agent or other agent authorized to accept service, and the return receipt must be signed by a person authorized to accept service. *Id.* at 583–84 (holding that a return receipt signed by an agent who was authorized to accept mail—but not authorized to accept service of process—did not constitute adequate service under Rules 4.03(2) and 4.04(10) (citations omitted)).

In this case, Kong has not proven adequate service on Estate Ventures, Faith Management, or Mink. With respect to Estate Ventures and Faith Management, the certified mail was not addressed to any individual, much less one authorized to accept service, as required by Rule 4.04(10). (ECF Nos. 7, 8.) And with respect to all three of these Defendants, none of the return receipts are signed, as required by Rules 4.03(2) and 4.04(10). As such, Kong has not met her burden of showing adequate service on these Defendants, and she has not provided any cause, much less good cause, for her service failure.

Nevertheless, the Court has the discretion to extend the time for service in the absence of good cause. *See Bonds v. City of Ripley Police Dep't*, No. 2:18-cv-2362-MSN-dkv, 2019 WL 5095796, at *3 (W.D. Tenn. Mar. 25, 2019), *report and recommendation adopted as modified*, 2019 WL 4750596 (W.D. Tenn. Sept. 30, 2019) (collecting cases). In *Bonds*, after the Court recommended granting a motion to dismiss the case without prejudice for insufficient service,

the plaintiff filed a response asking "that the Court deny dismissal of his case and allow him additional time to make service on all Defendants." *Id.* at *3. In arriving at its decision to grant additional time, the Court considered the following five factors:

> (1) whether a significant extension of time is required; (2) whether an extension of time would cause actual prejudice to the defendant other than the inherent "prejudice" in having to defend the lawsuit; (3) whether the defendant had actual notice of the lawsuit; (4) whether dismissal of the complaint without prejudice under Rule 4(m) would substantially prejudice the plaintiffs, i.e., cause the plaintiffs' suit to be time-barred by the statute of limitations; and (5) whether the plaintiffs have made diligent, good faith efforts to effect proper service of process.

*Id.* at *4 (quoting *Taylor v. Stanley Works*, No. 4:01-CV-120, 2002 WL 32058966, at *7 (E.D. Tenn. July 16, 2002)); *see also Hardin v. City of Memphis Div. of Fire Servs.*, No. 2:19-cv-02556-SHL-atc, 2021 WL 4237139, at *3 (W.D. Tenn. Aug. 23, 2021), *report and recommendation adopted*, 2021 WL 4236617 (W.D. Tenn. Sep. 16, 2021) (applying the *Bond* factors to recommend that the plaintiff be given fourteen additional days to serve the defendant, rather than recommending dismissal under Rule 12(b)(5)).

These factors weigh in favor of granting Kong additional time. Kong should need little additional time to serve the Mink, Estate Ventures, and Faith Management. These Defendants would not suffer prejudice from an extension beyond having to defend the lawsuit, as they have been on notice of the lawsuit since at least July 27, 2023, when counsel appeared on their behalf. (ECF Nos. 11, 12.) Finally, though the Court cannot say that Kong has been diligent, the record provides no indication that she acted without good faith when attempting to serve these Defendants; in fact, her efforts provided some notice to them by virtue of their appearance in this case—though those efforts were lacking for purposes of adequate service under the Tennessee and Federal Rules. As such, the factors weigh in favor of giving Kong another chance to perfect service on these Defendants.

As a result, the Court recommends that the Rule 12(b)(5) portions of the Motions to Dismiss be denied without prejudice and that Kong be given an additional twenty-one days to effectuate adequate service upon Mink, Estate Ventures, and Faith Management.  Service may be accomplished by complying with Tennessee Rules of Civil Procedure 4.03(2) and 4.04(10) or by employing another service method contemplated by the Tennessee and Federal Rules.

## II.  Standard of Review for Amending Pleadings

"[M]otions for leave to amend are reviewed under the deferential standard of Federal Rule of Civil Procedure 15, and the Court 'should freely give leave when justice so requires.'" *Porter v. AAR Aircraft Servs., Inc.*, 316 F.R.D. 691, 692 (W.D. Tenn. 2016) (quoting Fed. R. Civ. P. 15(a)(2)).  An exception to this forgiving standard is when a proposed amendment is futile.  *Id.* (citing *Pedreira v. Ky. Baptist Homes for Child., Inc.*, 579 F.3d 722, 729 (6th Cir. 2009)); *see also Foman v. Davis*, 371 U.S. 178, 182, (1962).  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Berry v. Regions Fin. Corp.*, 507 F. Supp. 3d 972, 977 (W.D. Tenn. 2020), *appeal dismissed*, No. 21-5038, 2021 WL 1511687 (6th Cir. Jan. 29, 2021) (quoting *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)).  Denial of a motion to amend also "is appropriate where there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'"  *Joy v. Burchyett*, No. 1:21-cv-01190-STA-jay, 2022 WL 16787846, at *2 (W.D. Tenn. Nov. 8, 2022) (quoting *Benzon v. Morgan Stanley Distribs., Inc.*, 420 F.3d 598, 613 (6th Cir. 2005)).

Here, Kong timely filed her Motion to Amend and proposed Amended Complaint pursuant to this Court's Scheduling Order (ECF No. 37), such that the Court finds no undue

delay, dilatory motive, or undue prejudice to Defendants by virtue of considering the proposed amendments. As such, the Court focuses its analysis herein on whether Kong's proposed amendments would be futile. That is, the Court will address whether the claims in the proposed Amended Complaint could withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Avery Outdoors, LLC v. Peak Rock Cap., LLC*, No. 16-cv-2229-SHL-tmp, 2017 WL 5186246, at \*3 (W.D. Tenn. Jan. 23, 2017) (setting forth and considering the Rule 12(b)(6) standard of review when granting in part and denying in part a motion to amend the complaint). With respect to Defendants' contentions that Kong's amendments should be denied due to alleged bad faith (ECF No. 44, at 15), because the Court finds that some of Kong's amended claims are not futile and should be allowed to proceed, the Court does not find bad faith that might preclude leave to amend.

## III.    Standard of Review for Failure to State a Claim

To determine whether Kong's proposed Amended Complaint states a claim for which relief may be granted, the Court applies the standards under Rule 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). The Court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). "When a Court considers whether dismissal for failure to state a claim is appropriate, the Court may consider the complaint and attached exhibits, as well as any public records, so long as

they are referred to in the complaint and are central to the claims contained therein." *Harper v. Shelby Cnty. Gov't*, No. 2:15-cv-2502-STA-cgc, 2016 WL 737947, at *4 (W.D. Tenn. Feb. 23, 2016) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); s*ee also Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (finding the less stringent standard applies to *pro se* complaints, "however inartfully pleaded"). Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, but it would also transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are

properly charged with protecting the rights of all who come before it, that responsibility does not

encompass advising litigants as to what legal theories they should pursue."); *Brown v.*

*Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a

plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*,

518 F.2d 1167, 1169 (6th Cir. 1975)).  "A pro se complaint must still 'contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Shelby v.*

*Greystar Mgmt. Servs., L.P.*, No. 2:17-cv-02650-SHM-cgc, 2018 WL 386647, at *2 (W.D. Tenn.

Jan. 11, 2018) (quoting *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011)).

## IV.    Kong's FDCPA Claims Against Faith Management and Mink

Kong brings two claims under the FDCPA: (1) Faith Management and Mink failed to

send a notice of validation of debts prior to the foreclosure of the Condo, as required by 15

U.S.C § 1692f and (2) Mink charged excessive and arbitrary fees in connection with the

foreclosure, in violation of 15 U.S.C § 1692g.  In their Response to the Motion to Amend,

Defendants argue that Faith Management cannot be liable under the FDCPA under the facts

alleged and that Mink complied with the FDCPA when foreclosing on the Condo.  (ECF No. 44,

at 5–6.)

"To state a claim under the FDCPA, a plaintiff must plead (1) that the money or property

subject to collection qualifies as a 'debt' under § 1692a(5); (2) that the entity acting as a collector

qualifies as a 'debt collector' under § 1692a(6); and (3) that the debt collector violated one of the

FDCPA's provisions."  *Kimble v. W. Ray Jamieson, P.C.*, No. 2:17-cv-02187-SHM-tmp, 2018

WL 814225, at *2 (W.D. Tenn. Feb. 9, 2018) (citing *Stamper v. Wilson & Assocs.*, No. 3:09-cv-

270, 2010 WL 1408585, at *3 (E.D. Tenn. Mar. 31, 2010)).  The proposed Amended Complaint

contains no allegations that Faith Management was acting as a "debt collector" with respect to

the events leading up to the foreclosure of the Condo.  As such, the Court recommends dismissal of Kong's FDCPA claim against Faith Management.

With respect to Mink, the parties do not dispute that Kong's allegations involve the collection of a "debt" under § 1692a(5) or that Mink was acting as a "debt collector" under § 1692a(6).  Kong first alleges that Mink failed to mail her a notice of validation of debts, as required by § 1692f.  Defendants respond that Kong's own exhibits contain a § 1692f-compliant notice dated January 16, 2023, thereby invalidating this claim.  (ECF No. 44, at 5 (citing ECF No. 43-2, at 6–7).)  However, Kong specifically alleges that this notice was not sent prior to the foreclosure and that Mink altered the return receipt for the January 16th notice.  (ECF No. 43-1, at 5.)  Though Defendants dispute that allegation, the allegations of the proposed Amended Complaint must be accepted as true at this stage.  As such, the Court recommends that Kong be permitted to allege this claim in her Amended Complaint.

Kong also asserts a claim against Mink under § 1692g, which prohibits the use of unfair or unconscionable means to collect a debt, including "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  The parties have not cited any case law involving allegations of excessive fees in violation of § 1692g, and the Court has been unable to locate any.  In any event, Kong fails to allege how the fees charged incidental to the foreclosure were not authorized by the master deed or by Tennessee law.  And the master deed provision attached to Kong's proposed Amended Complaint expressly allows for assessment of costs and fees, including attorneys' fees, related to non-judicial foreclosure proceedings.  (ECF No. 43-2, at 51–52.)  Based on the allegations of the proposed Amended Complaint, Kong has not adequately pled a claim against Mink for violation of § 1692g—and, in

13

fact, Kong's proposed exhibits appear to refute her allegations. Therefore, the Court

recommends that Kong's § 1692g claim against Mink be dismissed.

## V.     Kong's 42 U.S.C. § 1981 Claim Against Chatham Village

In relevant part, 42 U.S.C. § 1981(a) provides that "[a]ll persons within the jurisdiction of

the United States shall have the same right in every State and Territory to make and enforce

contracts." To "'make and enforce contracts' includes the making, performance, modification,

and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions

of the contractual relationship." § 1981(b); *see also Domino's Pizza, Inc. v. McDonald*, 546 U.S.

470, 474–75 (2006). "To state a claim under 42 U.S.C. § 1981, a plaintiff must initially identify

an impaired contractual relationship, under which the plaintiff has rights." *Hastings v. Shelby*

*Cnty. Gov't*, No. 17-2687-SHL-cgc, 2018 WL 7348026, at *3 (W.D. Tenn. Oct. 23, 2018),

*report and recommendation adopted as modified*, 2019 WL 313203 (W.D. Tenn. Jan. 24, 2019)

(citing *Domino's*, 546 U.S. at 476) (internal quotations and citations omitted). The Sixth Circuit

has identified the prima facie elements of a § 1981 commercial establishment claim:

> (1) plaintiff is a member of a protected class;
> (2) plaintiff sought to make or enforce a contract for services ordinarily provided
> by the defendant; and
> (3) plaintiff was denied the right to enter into or enjoy the benefits or privileges of
> the contractual relationship in that
> > (a) plaintiff was deprived of services while similarly situated persons
> > outside the protected class were not and/or
> > (b) plaintiff received services in a markedly hostile manner and in a
> > manner which a reasonable person would find objectively discriminatory.

*Harris v. Wells Fargo Bank, N.A.*, No. 18-2400-JPM-dkv, 2019 WL 3080764, at *8 (W.D. Tenn.

Mar. 18, 2019), *report and recommendation adopted in part*, 2019 WL 2319529 (W.D. Tenn.

May 31, 2019*), aff'd sub nom.*, *Hogrobrooks v. Wells Fargo Bank, N.A.*, No. 19-5609, 2020 WL

7231501 (6th Cir. June 9, 2020) (citing *Christian v. Wal-Mart Stores, Inc.*, 252 F.3d 862, 872

(6th Cir. 2001), *opinion supplemented on denial of reh'g*, 266 F.3d 407 (6th Cir. 2001)).

In asserting that Chatham Village breached its contract with her, Kong claims that it

"intentionally discriminate[d against] plaintiff during the enforcement of the master deed" by

foreclosing on the Condo because she is Asian, while filing only HOA liens against non-Asian

homeowners.  (ECF No. 43-1, at 8–9.)  She goes on to allege that non-Asian homeowners with

recorded HOA liens have higher outstanding fees than she had at the time of foreclosure.  (*Id.* at

9.)  Chatham Village counters that Kong's discrimination allegations are unfounded and that her

exhibits do not support her contentions.  (ECF No. 44, at 7.)  Though Chatham Village may be

correct, this factual dispute cannot be resolved at this stage.  Chatham Village does not argue that

Kong's exhibits contradict her allegations; rather, Chatham Village argues that the race of the

other homeowners cannot be ascertained by these records from the Shelby County Register of

Deeds.  (ECF No. 44, at 8.)  Whether the deed records support Kong's allegations or not cannot

be ascertained currently, and in any event, such records are not required at the pleading stage.

And Chatham Village's argument that Kong has not adequately pled disparate treatment because

she has not alleged "that a non-Asian unit owner avoided foreclosure who continued failing to

pay after notice was sent" (*id.* at 7) is unavailing, as this description does not precisely

encapsulate Kong's claims.  Kong has instead alleged that her Condo was foreclosed upon

without a prior HOA lien recording, whereas non-Asians' condos had HOA liens recorded on

them prior to foreclosure.  (ECF No. 43-1, at 8.)

For purposes of pleading a claim under § 1981, these allegations are sufficient at this

stage.  Because amendment would not be futile, the Court recommends that Kong be permitted

to assert the § 1981 claim against Chatham Village in her Amended Complaint.

**VI.    Kong's Fraudulent Title Transfer Claims Against Mink and Estate Ventures**

Kong alleges that Mink and Estate Ventures violated Tenn. Code Ann. § 66-3-305 by forging documents, conducting a sham public sale of the Condo, and transferring title of the Condo through an illegal insider scheme.  (ECF No. 43-1, at 10–12.)  However, as Mink and Estate Ventures correctly note, the statute that Kong relies upon concerns fraudulent title transfers by debtors to avoid debts owed to creditors.  (ECF No. 44, at 9.)  Section 66-3-305 specifically addresses only "[a] transfer made or obligation incurred by a debtor . . . as to a creditor," and not the other way around, as Kong has alleged this claim.  Because Kong is not a creditor of the Defendants—and was, in fact, a debtor with respect to the HOA fees—she cannot state a claim under section 66-3-305.  Therefore, this claim is futile and should be disallowed from the Amended Complaint.

**VII.    Kong's 42 U.S.C. § 1985 Claim Against Defendants**

Though Kong does not identify the subsection of § 1985 she relies on, based on the allegations of the proposed Amended Complaint as a whole, the Court construes her claim as brought under 42 U.S.C § 1985(3).  "Section 1985(3) creates a cause of action for a conspiracy between two or more persons to deprive another of the equal protection of the laws." *Jackson v. City of Cleveland*, 925 F.3d 793, 817 (6th Cir. 2019).  "To assert an actionable claim under § 1985(3), a claimant must show that: 1) the defendants conspired 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws;' and 2) the defendants committed acts that deprived the claimant 'of having and exercising any right or privilege of a citizen of the United States.'"  *Bartell v. Lohiser*, 215 F.3d 550, 559 (6th Cir. 2000) (quoting § 1985(3)).  "The Supreme Court has emphasized that § 1985(3) requires *inter alia* that a claimant establish 'some

16

racial, or perhaps otherwise class based, invidiously discriminatory animus.'" *Id*. at 559–60

(quoting *United Brotherhood of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 829

(1983)).  To that end, the Sixth Circuit has "held that § 1985(3) only covers conspiracies against:

1) classes who receive heightened protection under the Equal Protection Clause; and 2) 'those

individuals who join together as a class for the purpose of asserting certain fundamental rights.'"

*Id.* at 560 (quoting *Browder v. Tipton*, 630 F.2d 1149, 1150 (6th Cir. 1994)).

Defendants argue that Kong has not sufficiently pled a claim under § 1985 because she

does not identify "racial bias or discriminatory animus" in this specific cause of action.  (ECF

No. 44, at 10.)  Elsewhere in the proposed Amended Complaint, however, Kong alleges that

Defendants acted together to deprive her of her property and contractual rights because she is

Asian and that non-Asians were treated better by Defendants.  (ECF No. 43-1, at 8–9.)  Due to

Kong's *pro se* status, the Court liberally construes her proposed Amended Complaint.  Accepting

her allegations as true, Kong's amended § 1985 claim is not futile, and therefore the Court

recommends that Kong be permitted to allege this claim in her Amended Complaint.

## VIII.    Kong's Claim Against Chatham Village and Mink under Tenn. Code Ann. § 66-27-415

Kong contends that Chatham Village and Mink violated Tenn. Code Ann. § 66-27-415

when foreclosing on the Condo because (1) Chatham Village assigned its foreclosure rights to

Mink, (2) they did not record a lien on the Condo relating to the HOA fees prior to foreclosure,

(3) they did not send prior notice of the foreclosure, and (4) the foreclosure was not held at a

valid public sale.  (ECF No. 43-1, at 13–14.)  Chatham Village and Mink counter that Kong

misinterprets the law and that these allegations are unfounded.  (ECF No. 44, at 11.)

With respect to Kong's contention that Chatham Village "assigned" its foreclosure rights

to Mink, nothing in her proposed Amended Complaint or exhibits support such a contention, and

her allegations appear to be based on a misunderstanding of the law.  As Defendants correctly note, Chatham Village is an association and can only act through its agent, which, for purposes of the foreclosure, was Mink.  (*Id.*)  Similarly, her allegations concerning the recording of a lien prior to foreclosure involve a misreading of the law and the master deed.  Section 66-27-415(a)(1)(A) of the Tennessee Code states that "[t]he association has a lien on a unit for any assessment levied against that unit or fines imposed against its unit owner from the time the assessment or fine becomes due, which lien may be foreclosed by judicial action."  The statute thus does not require recording of a lien.  And subsection (a)(1)(B) goes on to allow for nonjudicial foreclosures if allowed by the master deed, as is the case here.  Kong simply cannot state a claim for wrongful foreclosure under § 66-27-415 based on these allegations.

Her other allegations, though quite serious, appear sufficient to state a claim at this stage. Chatham Village and Mink argue strenuously that Kong's allegations that they forged documents and did not hold a valid public sale are blatantly false and are contradicted by sworn documents. (ECF No. 44, at 12.)  But at this stage, the Court must accept Kong's specific factual allegations as true and liberally construes the proposed Amended Complaint in a light most favorable to her. Whether Kong has sufficient evidence to support these serious claims is a matter for summary judgment, not the pleadings stage.  When its allegations are accepted as true, the proposed Amended Complaint sufficiently states a claim against Mink and Chatham Village for purportedly falsifying documents and not holding a valid public sale during the foreclosure.  As a result, the Court recommends that Kong be permitted to allege violations of § 66-27-415 by Mink and Chatham Village based on these two factual allegations in her Amended Complaint.

**IX.    Kong's Breach of Contract Claims Against Chatham Village and Mink**

Kong alleges that Chatham Village and Mink violated the Condo's master deed because they failed to "prove indebtedness" in court before foreclosing.  (ECF No. 43-1, at 14.)  However, as Defendants correctly note, the master deed provision attached to Kong's proposed Amended Complaint expressly permits non-judicial foreclosure proceedings.  (ECF No. 43-2, at 51–52.)  And Kong has not identified any other state law or contractual provision that would otherwise prohibit a non-judicial foreclosure of the Condo.  As a result, Kong has not adequately pled a breach of contract claim against Chatham Village and Mink—rather, Kong's proposed exhibits refute her allegations.  Therefore, the Court recommends that these claims against Chatham Village and Mink be disallowed from the Amended Complaint.

**X.    Kong's Breach of Contract Claim Against Faith Management**

Though Kong's breach of contract claim against Faith Management is not entirely clear, at this stage, the Court cannot say her proposed amendments would be futile.  Kong contends that she had a valid contract with Faith Management concerning the method, amount, and frequency of auto-payments for HOA fees; that Faith Management later refused to accept her payments; and that she suffered damages in the form of "fines and charges" as a result.  (ECF No. 43-1, at 15.)  Faith Management argues that she has failed to adequately allege the existence of a contract relating to the previous auto-payments of HOA fees and that Kong admits that Faith Management asked her husband to "set up another payment account" and that he neglected to do so, dooming her breach of contract claim.  (ECF No. 44, at 13.)  Though Faith Management may be correct on both points, at this stage, when liberally construed and accepted as true, Kong's allegations adequately plead the elements of a breach of contract claim for purposes of amending her Complaint, insofar as she has alleged the existence of a contractual relationship, a purported

breach of the contract by Faith Management, and resulting damages. Whether Faith

Management contests the existence of a contract as alleged by Kong or whether Kong and her

husband also breached the alleged contract are defenses that Faith Management can raise when

responding to the Amended Complaint. Therefore, the Court recommends that this claim be

allowed to proceed.

**XI.    Kong's Claim that the Chatham Village Master Deed Violates Tennessee Law**

Kong's claim that the master deed violates Tennessee trust law because she never signed

it fails as a matter of law. As Defendants note in their Response, Kong's argument that the

master deed is invalid "is certainly inventive" and would "require[] a complete rewrite of

Tennessee law." (ECF No. 44, at 13.) Tennessee law expressly allows for the establishment of

condominiums by recording a master deed that governs the ownership and administration of the

building. *Harris v. 4215 Harding Road Homeowners Ass'n*, 74 S.W.3d 359, at 361 (Tenn. Ct.

App. 2001) (citing Tenn. Code Ann. §§ 66-27-103, 107). Kong's obligation in the master deed

to pay HOA fees "is an encumbrance on her unit of which she had notice when she purchased the

unit." *Id.* (citing *Assoc. of Owners of Regency Park v. Thomasson*, 878 S.W.2d 560 (Tenn. Ct.

App. 1994)). "Covenants, conditions, and restrictions contained in the declaration (Master Deed)

are property interests that run with the land." *Id.* (citing *Maples Homeowners Ass'n v. T & R

Nashville*, 993 S.W.2d 36 (Tenn. Ct. App. 1998)). "Therefore, [she] is bound by the conditions

contained in the Master Deed and By Laws." *Id.*

Because Kong has failed to state a claim with respect to her argument that the master

deed itself is invalid for violations of Tennessee law, this claim is futile and should be disallowed

from the Amended Complaint.

XII.    **Kong's Claim Against Estate Ventures for Violation of Tennessee FED Laws**

Kong alleges that Estate Ventures improperly moved, retained, and/or damaged her

personal property when taking possession of the Condo following the foreclosure.  (ECF No. 43-

1, at 16–17.)  Estate Ventures argues that amendment is unnecessary because the proposed

Amended Complaint "add[s] very little that is new to the earlier iteration of her Complaint."

(ECF No. 44, at 14.)  That argument, however, is simply incorrect.  With respect to her FED-

related claim, Kong relies on significantly more factual allegations and statutory authority in

support of her proposed amended claim.  As Defendants have not substantively responded in

opposition to the motion to amend as to this claim, further analysis is unnecessary at this stage.

Therefore, at this time, the Court recommends that this claim be allowed to proceed.  Estate

Ventures may file a renewed Motion to Dismiss on this claim following the amendment.

XIII.    **Previous Dispositive Motions**

As discussed above, the Court recommends that the Rule 12(b)(5) portions of the

Motions to Dismiss be denied without prejudice and that Kong be given an additional twenty-one

days to effectuate adequate service upon Mink, Estate Ventures, and Faith Management.

Concerning the Rule 12(b)(1) portions of the Motions to Dismiss, because this Report and

Recommendation recommends that Kong's federal claims under FDCPA, § 1981, and § 1985 be

allowed to proceed at this stage—thus conferring federal question jurisdiction on the Court—the

Court recommends that the Motions to Dismiss be denied without prejudice as moot with respect

to subject matter jurisdiction.  And with respect to their arguments on the merits, because the

Court recommends granting in part and denying in part the Motion to Amend, the Court further

recommends that the previously-filed dispositive motions be denied without prejudice.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the Motion to Amend be granted in part and denied in part. The Court also recommends that Kong be given an additional twenty-one days to effectuate adequate service upon Mink, Estate Ventures, and Faith Management. The Court further recommends that the previously-filed dispositive motions (ECF Nos. 11, 12, 14, 15, 18, 19, 20, 21) be denied without prejudice.

With respect to Kong's claims set forth in her proposed Amended Complaint, the Court recommends that she be permitted to file an Amended Complaint asserting her non-futile claims as discussed above. In summary, the Court recommends that:

- The FDCPA claim against Faith Management be dismissed as futile.

- The FDCPA claim against Mink for violation of § 1692f be allowed to proceed as pled in the Amended Complaint.

- The FDCPA claim against Mink for violation of § 1692g be dismissed as futile.

- The 42 U.S.C. § 1981 claim against Chatham Village be allowed to proceed as pled in the Amended Complaint.

- The Fraudulent Title Transfer claims under Tenn. Code Ann. § 66-3-305 against Mink and Estate Ventures be dismissed as futile.

- The 42 U.S.C. § 1985 claim against all Defendants be allowed to proceed as pled in the Amended Complaint.

- The wrongful foreclosure claims against Chatham Village and Mink under Tenn. Code Ann. § 66-27-415 be allowed to proceed as pled in the Amended Complaint, but only with respect to the allegations of falsifying of documents and not holding a valid public sale during the foreclosure.

- The breach of contract claims against Chatham Village and Mink be dismissed as futile.

- The breach of contract claim against Faith Management be allowed to proceed as pled in the Amended Complaint.

- The claim that the master deed is invalid under Tennessee law be dismissed as futile.

- The claim against Estate Ventures for violation of Tennessee FED laws be allowed to proceed as pled in the Amended Complaint.

Respectfully submitted this 2nd day of February, 2024.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute forfeiture/waiver of objections, exceptions, and further appeal.

## ORDER

With respect to Kong's unauthorized filing of her Amended Complaint (ECF No. 45) and Defendant's motion to strike (ECF No. 46), the Court grants the motion and strikes the Amended Complaint filed on October 26th.  Kong shall file her Amended Complaint only after the District Judge rules on the Report and Recommendation above and only if the District Judge grants leave to file.

In light of the recommendations above concerning the Motion to Amend and the previous dispositive motions, Defendants' Motion for Status Conference (ECF No. 47) is denied without prejudice as moot.

SO ORDERED this 2nd day of February, 2024.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE