IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SHANSHAN KONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:23-cv-02405-TLP-atc |
| v. ) | |
| ) | |
| CHATHAM VILLAGE HOA, FAITH ) | |
| MANAGEMENT & REALTY GROUP, ) | |
| WAYNE MINK, and ESTATE VENTURES, ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Shanshan Kong, ("Plaintiff") sued Chatham Village HOA, Faith Management & Realty Group, Wayne Mink, and Estate Ventures, LLC ("Defendants") for wrongful foreclosure and violation of the Fair Debt Collection Act ("FDCA"). (ECF No 2.) Under Administrative Order 2013-05, the Court referred this case to Magistrate Judge Annie T. Christoff ("Judge Christoff") for management of all pretrial matters.

Defendants moved separately to dismiss Plaintiff's Complaint under FRCP 12(b)(1), 12(b)(5), and 12(b)(6). (ECF Nos. 11, 12, 14, 15.) Plaintiff responded in opposition and moved for Summary Judgment. (ECF Nos. 18–21.) Defendants then replied in support of their motions to dismiss. (ECF Nos. 22–25.) Without leave of the Court, Plaintiff filed a document entitled "Plaintiff's Objections to Defendant's Reply," an unauthorized sur-reply to the Motions to Dismiss. (ECF No. 29.)

Next, Defendants responded in opposition to Plaintiff's Motions for Summary Judgment (ECF Nos. 30-31, 35, and 41) to which Plaintiff replied. (ECF Nos. 32-34, 40, 42.) Then, Plaintiff moved to Amend the Complaint (ECF No. 43) along with her proposed Amended Complaint (ECF No. 43-1) and related exhibits. Defendants jointly opposed the Motion to Amend Complaint. (ECF No. 44.) Again, without leave of the Court, Plaintiff filed her Amended Complaint. (ECF No. 45.) In response, Defendants filed a joint Objection to the Complaint's unauthorized filing, which the Court construes as a motion to strike the Amended Complaint. (ECF No. 46.)

After review of these filings, Judge Christoff entered a Report and Recommendation ("R&R") recommending that the Court **GRANT IN PART**, Plaintiff's motion to amend. (ECF No. 50.) But Judge Christoff narrowed the arguments that Plaintiff may assert in her amended Complaint and asked this Court to adopt these findings. She also recommended that all pending dispositive motions be denied without prejudice. (*See* ECF Nos. 11, 12, 14, 15, 18, 19, 20, 21.) Finally, Judge Christoff recommended granting Plaintiff twenty one more days, following entry of this order, to serve Defendants Mink, Estate Ventures, and Faith Management properly. For the reasons below, the Court **ADOPTS** Judge Christoff's recommendations.

## BACKGROUND AND THE R&R

Plaintiff sued Defendants after losing her condominium in foreclosure, alleging that Defendants never accepted Plaintiff's HOA fees and never informed her that she owed overdue fees. (ECF No. 2 at PageID 15–20.) Plaintiff claims that the foreclosure notice was insufficient, the foreclosure violated Tennessee law, and that Defendants improperly removed and damaged her property during the foreclosure. (*Id.*) Defendants moved to dismiss for Plaintiff's failure to state a claim, for lack of subject matter jurisdiction, and for insufficient service of process. (ECF

Nos. 11,12,14,15.)  Plaintiff filed responses in opposition, her own motions for summary judgment and now a Motion to Amend Complaint.  (ECF Nos. 18–21.)

After recounting the factual and procedural history, Judge Christoff addressed the problems with Plaintiff's service of process on Defendants Mink, Estate Ventures, and Faith Management.  (ECF No. 50 at PageID 1091–92.)  She then analyzed the standard for service of process via certified mail and what a plaintiff must do to serve process appropriately.  (*Id.* at PageID 1090–91.)  Next, she applied factors that courts consider when deciding whether to grant a party more time to serve a party.  (*Id.* at PageID 1091–92.)  With that in mind, Judge Christoff recommended that Plaintiff be granted more time to serve these three Defendants.  (*Id.* at PageID 1093.)

Next, Judge Christoff considered FRCP Rule 15 and the factors that a court considers when evaluating a motion to amend a complaint.  (*Id.* at PageID 1093–94.)  Having found no improper motive or delay on Plaintiff's part, she then determined whether the amended complaint would assert futile claims.  (*Id.* at PageID 1093–95.)  She found that some of Plaintiff's proposed claims are futile while others have merit.  (*Id.* at PageID 1094.)

Judge Christoff made this determination by evaluating each proposed claim in Plaintiff's proposed Amended Complaint.  (*Id.* at PageID 1100–05.)  She relied on rule 12(b)(6) and Sixth Circuit caselaw in the analysis.  (*Id.* at PageID 1094–96.)  After review, Judge Christoff recommended that six of Plaintiff's proposed claims may proceed: 1) violation of Fair Debt Collection Practices Act against Mink, 2) violation of 42 U.S.C. § 1981 against Chatham Village, 3) breach of contract claim against Faith Management, 4) violation of Tennessee's forcible entry and detainer law against Estate Ventures, 5) wrongful foreclosure under Tenn

3

Code § 66-27-415 against Chatham Village and Mink,[1] and 6) violation of 42 U.S.C. § 1985 against all Defendants. (*Id.* at PageID 1100–05.)

In the end, Judge Christoff recommended that this Court: 1) grant Plaintiff's Motion for Leave to Amend in part, 2) grant Plaintiff additional time to serve process on Defendants Mink, Estate Ventures, and Faith Management, and 3) deny all pending motions for summary judgment and motions to dismiss without prejudice. (*Id.* at PageID 1106–07.) Having reviewed the record here, this Court agrees with Judge Christoff's reasoning and her recommendations. The Court will next address the legal standards for this ruling.

## **LEGAL STANDARD**

### I.      Rule 12(b)(5)

The federal rules of civil procedure apply here. For example, under rule 12, a trial court may dismiss a complaint for failure to serve a party. Fed. R. Civ. P. 12(b)(5). "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (citing *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)). Proper due process must also exist for a court to "adjudicate the rights of the parties." *Collins v. Waste Mgmt*, 2017 WL 6947871, at *2 (W.D. Tenn. Dec. 22, 2017), *report and recommendation adopted*, 2018 WL 445125 (W.D. Tenn. Jan. 14, 2018) (quoting *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003)). And it is the plaintiff's burden to serve the defendants and to show proper service of process. *Sawyer v. Lexington-Fayette Urban Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001).

---

[1] This claim is limited to allegations that Defendants falsified documents and conducted an improper foreclosure sale. (ECF No. 50 at PageID 1101–02.)

## II.     Rule 12(b)(6)

Other sub-sections of Rule 12 apply here too.  When considering a motion to dismiss under FRCP 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true.  *Wesley v. Campbell,* 779 F.3d 421, 428 (6th Cir. 2015).  A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).  But this standard requires more than bare assertions of legal conclusions.  *Z Technologies Corp. v. Lubrizol Corp.,* 753 F.3d 594, 597 (6th Cir. 2014).  "[A] formulaic recitation of the elements of a cause of action will not do."  *Twombly,* 550 U.S. at 555.

That said, courts construe pro se complaints liberally and hold them to less stringent standards.  *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  But pro se litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure."  *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citation omitted).  This means that a pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Shelby v. Greystar Mgmt. Servs., L.P.*, No. 2:17-cv-02650-SHM-cgc, 2018 WL 386647, at *2 (W.D. Tenn. Jan. 11, 2018) (quoting *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011)).  The Court will now turn to the rule that applies to Plaintiff's request to amend a complaint.

## III.    Leave to Amend a Complaint and Pleading Standard

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The Sixth Circuit considers many factors in evaluating a motion to amend, including undue delay, repeated failure to cure deficiencies by amendments previously allowed, bad faith or dilatory motive, and

5

undue prejudice to the opposing party. *Troxel Manuf. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 970-71 (6th Cir. 1942).

Rule 8 of the Federal Rules of Civil Procedure sets out a liberal pleading standard for complaints, requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But "[c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Bright v. Gallia Cnty., Ohio*, 753 F.3d 639, 652 (6th Cir. 2014) (quoting *Edison v. Tenn. Dep't of Children's Servs.*, 510 F,3d 631, 634 (6th Cir. 2007)). So the proposed amended complaint "must go beyond 'labels and conclusions" or mere "formulaic recitation of the elements of a cause of action," to survive a motion to dismiss. *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 355 (6th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

## IV.    Report and Recommendation

A magistrate judge may submit to a district court judge an R&R with proposed findings of fact and a recommended ruling on certain pretrial matters, including whether to dismiss an action. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

Under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Here, both Plaintiff and Defendants timely objected to Judge Christoff's R&R. (ECF Nos. 52–53.)

When a party objects timely to a portion of an R&R, the Court must review de novo that "part of the magistrate judge's disposition." Fed. R. Civ. P. 72(b)(3). After this review process, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* And a district court need not articulate all the reasons it rejects a party's objections. *Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

In effect, a party objecting to the R&R must do so with enough specificity "to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). "A general objection that does not identify specific issues from the magistrate's report . . . is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy." *Hastings v. Shelby Cnty. Gov't*, No. 2:17-cv-02687-SHL-cgc, 2019 WL 3782198, at *1 (W.D. Tenn. Aug. 12, 2019) (citations omitted). What is more, a party cannot "raise at the district court stage new arguments or issues that were not presented to the magistrate [court]" absent compelling reasons. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

The Court now turns to its analysis.

## DISPOSITION

Having conducted a de novo review, the Court agrees with Judge Christoff's R&R and will explain its reasoning below.

### I.  Plaintiff's Failure to Serve Defendants Under Rule 12(b)(5)

Federal Rule of Civil Procedure 12(b)(5) instructs a court to dismiss an action if a plaintiff fails to serve a defendant within 90 days after filing the complaint. Plaintiff attempted

7

to serve Defendants Mink, Estate Ventures, and Faith Management via certified mail. (ECF Nos. 7, 8, 9.) Although Defendants do not challenge the method of service, they argue that it was improperly executed because none of the return receipts were signed, and service was not directed to Defendants' agents. (*See* ECF Nos. 11-1, 12-1, 15-1.) For these reasons, Defendants argue this Court should dismiss Plaintiff's Complaint under FRCP 12(b)(5).

The R&R determined that Defendants are correct: Plaintiff failed to serve them properly. (ECF No. 50 at PageID 1088–90.) For Estate Ventures and Faith Management, the certified mail was not addressed to any individual, much less an authorized agent for service of process, as required by Tennessee Rule of Civil Procedure 4.04(10).[2] (ECF Nos. 7–8.) And for all three Defendants, none of the return receipts are signed, as required by Tennessee Rules of Civil Procedure 4.03(2) and 4.04(10). (ECF No. 50 at PageID 1089–90.) For these reasons, Plaintiff has not properly served Defendants, and she has provided no cause, much less good cause, for her service failure. (*Id.* at PageID 1091.)

But even though Plaintiff did not show cause, a Court can exercise its own discretion to extend the time for service. *See Bonds v. City of Ripley Police Dep't*, 2019 WL 5095796, at *3 (W.D. Tenn. Mar. 25, 2019), *report and recommendation adopted as modified*, 2019 WL 4750596 (W.D. Tenn. Sept. 30, 2019) (collecting cases). In *Bonds*, the court considered factors like prejudice to the parties, whether the defendant knew about the lawsuit, and whether Plaintiff made "diligent, good faith efforts to effect proper service of process." *Id.* at *4 (quoting *Taylor v. Stanley Works*, 2022 WL 32058966, at *7 (E.D. Tenn. July 16, 2002)); *see also Hardin v. City*

---

[2] While the Federal Rules do not expressly allow for service by certified mail, Federal Rule of Civil Procedure 4(e)(1) provides that service can be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." The Tennessee Rules of Civil Procedure allow for service by certified mail. *See* Tenn. R. Civ. P 4.04.

*of Memphis Div. of Fire Servs.*, 2021 WL 4237139, at *3 (W.D. Tenn. Aug. 23, 2021), *report and recommendation adopted*, 2021 WL 4236617 (W.D. Tenn. Sep. 16, 2021) (applying the Bond factors to recommend that the plaintiff be given fourteen additional days to serve the defendant, rather than recommending dismissal under Rule 12(b)(5)).

Judge Christoff applied these factors here. She determined that they favored giving Plaintiff more time to serve Defendants. (ECF No. 50 at PageID 1092–93.) She concluded that Defendants would not be prejudiced because they have been on notice of the lawsuit for almost a year. (*Id.*) And though she did not find that Plaintiff acted diligently, the record does not show any bad faith on Plaintiff's behalf, and it does show that Plaintiff tried to serve all three Defendants. (*Id.*) For these reasons, Judge Christoff recommended granting Plaintiff 21 days after entry of this order to serve Defendants. (*Id.*) Having conducted a de novo review, the Court agrees and **ADOPTS** Judge Christoff's recommendation on this point.

## II.     Plaintiff's Motion to Amend Complaint

Judge Christoff next addressed Plaintiff's Motion for Leave to Amend. (*Id.* at PageID 1093.) She applied the standard from FRCP 15(a)(2), that permits amendment to a complaint "when justice so requires," along with the Supreme Court's factors in *Foman v. Davis*, 371 U.S. 178, 182 (1962). The holding in *Foman* declares that a plaintiff "ought to be afforded an opportunity to test his claim on the merits." *Id.* And while a court should consider factors such as undue delay, bad faith, repeated failures to cure deficiencies, undue prejudice, and the futility of amendment, leave to amend should still be "freely given." *Id.* The Supreme Court also warns courts that the "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.*

Judge Christoff found that the *Foman* factors supported amendment here because the record does not show bad faith or ulterior motive on Plaintiff's behalf. (ECF No. 50 at PageID 1093–94.) In fact, Plaintiff timely moved to Amend under the Court's Scheduling Order (ECF No. 37), so the Court finds no undue delay, dilatory motive, or undue prejudice to Defendants by allowing the proposed amendments. For these reasons, Judge Christoff recommended that the Court **GRANT IN PART** Plaintiff's Motion for Leave to Amend. (ECF No. 50 at PageID 1094.) The Court agrees with the R&R.

### A. Futility Considerations in Granting Leave to Amend

Judge Christoff did not recommend granting the motion in whole because some claims in Plaintiff's Amended Complaint are futile. Courts recognize futility as a considerable obstacle for a motion to amend. *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005). This means that a court may deny a motion to amend when the proposed claims cannot be pled. *Id.* For futility, the question is whether a plaintiff's proposed amended complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Williams v. City of Cleveland*, 771 F.3d 945, 949 (6th Cir. 2014) (quoting *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

Using this standard, Judge Christoff considered each claim in Plaintiff's Amended Complaint and asked whether it could withstand a Rule 12(b)(6) motion to dismiss. *See e.g., Avery Outdoors, LLC v. Peak Rock Cap.,* 2017 WL 5186246, at *3 (W.D. Tenn. Jan. 23, 2017) (setting forth the Rule 12(b)(6) standard of review when granting in part and denying in part a

motion to amend a complaint). The Court will now assess Judge Christoff's analysis for each claim.

### III.     Analysis of Claims Asserted in Plaintiff's Amended Complaint

As stated, Judge Christoff reviewed the entirety of Plaintiff's Amended Complaint, and she determined that six of the eleven proposed claims deserve to proceed under the Rule 12(b)(6) pleading standard.

#### A. FDCPA Claims against Faith Management and Mink

In the proposed Amended Complaint, Plaintiff brings two claims under the FDCPA: 1) Faith Management and Mink failed to send a notice before her condo's foreclosure, as required by 15 U.S.C § 1692(f) and 2) Mink charged excessive and arbitrary fees in connection with the foreclosure, in violation of 15 U.S.C § 1692(g). (ECF No. 43-1 at PageID 831–32.) Opposing Plaintiff's Motion to Amend, Defendants argue that Faith Management cannot be liable under the FDCPA, and that Mink complied with the FDCPA when it foreclosed the condo. (ECF No. 44 at PageID 907–08.)

To state a claim under the FDCPA, a plaintiff must plead 1) that the money or property at issue qualifies as a 'debt' under § 1692(a)(5), 2) that the entity acting as a collector qualifies as a 'debt collector' under § 1692a(6), and 3) that the debt collector violated one of the FDCPA's provisions. *Kimble v. W. Ray Jamieson, P.C.*, 2018 WL 814225, at \*2 (W.D. Tenn. Feb. 9, 2018) (citing *Stamper v. Wilson & Assocs.*, 2010 WL 1408585, at \*3 (E.D. Tenn. Mar. 31, 2010)). The proposed Amended Complaint here contains no allegations that Faith Management acted as a "debt collector" during the events just before the foreclosure of Plaintiff's condo. (*See* ECF No. 50 at PageID 1097.) For this reason, Judge Christoff recommended dismissing Plaintiff's FDCPA claim against Faith Management as futile. (*Id.* at PageID 1097–98.)

11

On the other hand, Mink does not dispute that Plaintiff's allegations involve the collection of a "debt" under § 1692(a)(5) or that it was acting as a "debt collector" under § 1692(a)(6). (*See* ECF No. 44 at PageID 907–08.) Instead, Plaintiff's claim centers on Mink's alleged failure to mail her a debt validation notice under § 1692(f). (ECF No. 43-1 at PageID 831–32.) Defendants respond that Plaintiff's own exhibits contain a § 1692(f)-compliant notice dated January 16, 2023 which invalidate her claim. (ECF No. 44 at PageID 907.) But Plaintiff argues that she never received this notice, and that Mink altered the return receipt for the January 16th notice. (ECF No. 43-1 at PageID 829.) While Mink denies altering the notice, the Court must view the allegations in Plaintiff's favor.

Plaintiff also claims that Mink violated § 1692(g), that prohibits the use of unfair or unconscionable means to collect a debt, including "collection of any amount, unless such amount is expressly authorized by the agreement creating the debt or permitted by law." (*Id.*) But Plaintiff fails to allege how the fees charged for the foreclosure were not authorized by the master deed or under Tennessee law. (ECF No. 43-1 at PageID 831–32.) Also, the master deed provision attached to Plaintiff's proposed Amended Complaint expressly allows for assessment of costs and fees, including attorneys' fees, related to non-judicial foreclosure proceedings. (ECF No. 43-2 at PageID 895–96.)

Applying the 12(b)(6) pleading standard, Judge Christoff recommended that this Court find that Plaintiff's § 1692(g) claim against Mink is futile. That said, Judge Christoff also recommended that Plaintiff be permitted to amend her complaint to allege her § 1692(f) claim. (ECF No. 50 at PageID 1097–98.) This Court agrees with Judge Christoff's analysis and the R&R on this point.

### B. § 1981 Claim Against Chatham Village

Plaintiff next alleges that Chatham Village breached their contract by intentionally discriminating against her based on race. (ECF No. 43-1 at PageID 831–32.) She also alleges that non-Asian homeowners with recorded HOA liens owed higher outstanding fees than she did at the time of her condo's foreclosure. (*Id.* at PageID 833.) Given these allegations, Judge Christoff construed Plaintiff's claim as one under 42 U.S.C. § 1981. (ECF No. 50 at PageID 1098–99.)

This statute provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts." 42 U.S.C. § 1981. To state a claim under 42 U.S.C. § 1981, a plaintiff "must initially identify an impaired contractual relationship, under which the plaintiff has rights." *Hastings v. Shelby Cnty. Gov't*, 2018 WL 7348026, at *3 (W.D. Tenn. Oct. 23, 2018), *report and recommendation adopted as modified*, 2019 WL 313203 (W.D. Tenn. Jan. 24, 2019). A party must also allege that:

> (1) plaintiff is a member of a protected class;
> (2) plaintiff sought to make or enforce a contract for services ordinarily provided by the defendant; and
> (3 plaintiff was denied the right to enter into or enjoy the benefits or privileges of the contractual relationship in that: (a) plaintiff was deprived of services while similarly situated persons outside the protected class were not and/or; (b) plaintiff received services in a markedly hostile manner and in a manner which a reasonable person would find objectively discriminatory.

*Hogrobrooks v. Wells Fargo Bank, N.A.*, 2020 WL 7231501 (6th Cir. June 9, 2020).

In opposition, Chatham Village calls Plaintiff's claims unfounded and that her cited exhibits do not support her contentions. (ECF No. 44 at PageID 909.) And it argues that Plaintiff has not adequately pled disparate treatment because she has not alleged "that a non-Asian unit owner avoided foreclosure who continued failing to pay after notice was sent." (*Id.*) Even though Judge Christoff recognized that Chatham Village may be correct, she concluded

13

that the pleading stage is not the right place to decide that issue. (ECF No. 50 at PageID 1099.) For example, Chatham Village does not argue that Plaintiff's exhibits contradict her allegations; rather, it argues that one cannot determine the race of the other homeowners by looking at records from the Shelby County Register of Deeds. (ECF No. 44 at PageID 910.) Because Plaintiff has pled sufficient factual allegations, that must be construed in her favor, Judge Christoff recommended that Plaintiff be permitted to plead this § 1981 claim in her Amended Complaint. (ECF No. 50 at PageID 1099.) Again, this Court agrees with the R&R.

### C. Fraudulent Title Transfer Claim Against Mink and Estate Ventures

Plaintiff alleges that Mink and Estate Ventures violated Tenn. Code Ann. § 66-3-305 by forging documents, conducting a sham public sale of her condo, and transferring title of the condo through an illegal scheme. (ECF No. 43-1 at PageID 834–36.) But, as Mink and Estate Ventures correctly note, the statute that Plaintiff relies on controls fraudulent title transfers by debtors to avoid debts owed to creditors. (ECF No. 44 at PageID 911.) In fact, § 66-3-305 specifically addresses only "[a] transfer made or obligation incurred by a debtor . . . as to a creditor," and not the other way around, as Plaintiff has alleged. Because Plaintiff is not a creditor of Defendants—and was, in fact, a debtor with respect to the HOA fees—she cannot state a claim under § 66-3-305. (ECF No. 50 at PageID 1100.) Judge Christoff thus recommended dismissing this claim as futile. (*Id.*) This Court agrees with Judge Christoff's R&R here.

### D. § 1985 Claims Against All Defendants

Judge Christoff construed Plaintiff's next claim as a conspiracy claim under 42 U.S.C § 1985(3). (*Id.*) This statute "creates a cause of action for a conspiracy between two or more persons to deprive another of the equal protection of the laws." *Jackson v. City of Cleveland*,

14

925 F.3d 793, 817 (6th Cir. 2019).  To bring a claim under this statute, a claimant must allege that: 1) the defendants conspired "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws"; and 2) the defendants committed acts that deprived the claimant "of having and exercising any right or privilege of a citizen of the United States." *Bartell v. Lohiser*, 215 F.3d 550, 559 (6th Cir. 2000) (quoting § 1985(3)).  The Supreme Court explained that such claims require "some racial, or perhaps otherwise class based, invidiously discriminatory animus." *United Brotherhood of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 829 (1983).

Defendants argue that Plaintiff has not alleged an acceptable claim under § 1985 because she does not identify "racial bias or discriminatory animus" in her allegations.  (ECF No. 44 at PageID 912.)  But in the Amended Complaint, Plaintiff alleges that Defendants acted together to deprive her of her property and contractual rights because she is Asian, and that Defendant treated non-Asians better.  (ECF No. 43-1 at PageID 832–33.)  Also Plaintiff is pro se, meaning the Court liberally construes her proposed Amended Complaint.  *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020).  Because we must accept Plaintiff's allegations as true, Judge Christoff recommended permitting Plaintiff to bring this § 1985 claim in the Amended Complaint.  (ECF No. 50 at PageID 1101.)  The Court agrees with Judge Christoff's R&R.

### E.  Violation of Tenn. Code § 66-27-415 Against Mink and Chatham Village

In the Amended Complaint, Plaintiff contends that Chatham Village and Mink violated Tenn. Code Ann. § 66-27-415 when foreclosing on her Condo because 1) Chatham Village assigned its foreclosure rights to Mink, 2) they did not record a lien on the condo relating to the HOA fees before foreclosure, 3) they did not send notice of the foreclosure, and 4) the foreclosure was not held at a valid public sale.  (ECF No. 43-1 at PageID 837–38.)  Chatham

15

Village and Mink countered that Plaintiff misinterpreted the law and these allegations are unfounded. (ECF No. 44 at PageID 913.) As for Plaintiff's allegation that Chatham Village "assigned" its foreclosure rights to Mink, nothing in her proposed Amended Complaint or exhibits support such a contention. (*See* ECF No. 43-1 at PageID 831–41.) As Defendants correctly note, Chatham Village is an association and can only act through its agent, which, for purposes of the foreclosure, was Mink. (*Id.*) Judge Christoff thus correctly recommended dismissing this claim as futile. (ECF No. 50 at PageID 1102.)

The same holds true for Plaintiff's claim that Defendants failed to record the lien. Section 66-27-415(a)(1) of the Tennessee Code states that "[t]he association has a lien on a unit for any assessment levied against that unit or fines imposed against its unit owner from the time the assessment or fine becomes due, which lien may be foreclosed by judicial action." So the statute does not require recording the lien. (*Id.*) What is more, subsection (a)(2) allows for nonjudicial foreclosures if recorded in the master deed, as is the case here. This means that Plaintiff's claim for wrongful foreclosure under § 66-27-415 is unfounded and Judge Christoff recommended that this Court find that it is futile. (ECF No. 50 at PageID 1102.)

But Plaintiff's two remaining claims—failing to send a foreclosure notice and then hold a valid public foreclosure— survive the rule 12(b)(6) pleading standard. (*See id.*) Though Chatham Village and Mink argue that the allegations are false (ECF No. 44 at PageID 914), the Court must, at this stage, liberally construe the proposed Amended Complaint in a light most favorable to Plaintiff. *See Mangum v. Lee,* 2023 WL 6130306, at *1 (6th Cir. July 10, 2023). Whether Plaintiff has enough evidence to support these claims is a matter for summary judgment, but not at this stage. *See Wesley v. Campbell,* 779 F.3d 421, 428 (6th Cir. 2015). For these reasons, Judge Christoff recommended allowing Plaintiff to bring these two claims for

16

violating § 66-27-415 in her Amended Complaint.  (ECF No. 50 at PageID 1102.)  The Court agrees with Judge Christoff on this point as well.

### F. Breach of Contract Claim Against Chatham Village and Mink

Plaintiff next alleges that Chatham Village and Mink violated the master deed because they failed to "prove indebtedness" in court before foreclosing on Plaintiff's condominium.  (ECF No. 43-1 at PageID 838.)  But Defendants correctly note that the master deed provision attached to Plaintiff's Amended Complaint expressly permits non-judicial foreclosure proceedings.  (ECF No. 43-2 at PageID 895–96.)  And Plaintiff has identified no state law or contractual provision that would otherwise prohibit a non-judicial foreclosure of the Condo.  (*See* ECF No. 43-2.)  Because Plaintiff's own exhibit contradicts her claim, and she alleges no additional factual grounds or legal support, Jude Christoff recommended finding this claim is futile.  (ECF No. 50 at PageID 1103.)  The Court agrees with Judge Christoff's recommendation.

### G. Breach of Contract Claim Against Faith Management

Plaintiff next alleges that she contracted with Faith Management about the terms of her HOA payments and that Faith Management breached its contract when it refused to accept these payments.  (ECF No. 43-1 at PageID 839.)  Faith Management responded that no such contract existed.  (ECF No. 44 at PageID 915.)  Judge Christoff recognized that though Faith Management may be correct, the Court must liberally construe and accept Plaintiff's factual allegation as true.  (ECF No. 50 at PageID 1103–04.)  For this reason, Judge Christoff recommended that the breach of contract claim against Faith Management may proceed.  (*Id.*)  The Court agrees with Judge Christoff's recommendation.

### H. Master Deed Violation Against Chatham Village

Plaintiff claims that the condominium's master deed is invalid because she never signed it. (ECF No. 43-1 at PageID 839–40.) But Defendants responded that this argument is invalid because Tennessee law expressly allows for the establishment of condominiums by recording a master deed that governs the ownership and administration of the building. *Harris v. 4215 Harding Road Homeowners Ass'n*, 74 S.W.3d 359, at 361 (Tenn. Ct. App. 2001) (citing Tenn. Code Ann. §§ 66-27-103, 107). This means that Plaintiff must comply with the obligations listed in the master deed, even if she never expressly signed it. *See Maples Homeowners Ass'n v. T & R Nashville*, 993 S.W.2d 36 (Tenn. Ct. App. 1998). As a result, Judge Christoff recommended denying Plaintiff's request to bring this claim because it is futile. (ECF No. 50 at PageID 1104.) And the Court agrees with this recommendation.

### I. Improper Foreclosure Procedure Against Estate Ventures

The last claim in Plaintiff's proposed Amended Complaint is that Estate Ventures improperly moved, retained, and damaged Plaintiff's personal property during the foreclosure. (ECF No. 43-1 at PageID 840–41.) In opposition, Estate Ventures argues that amendment is unnecessary because the new complaint, "add[s] very little that is new to the earlier iteration of her Complaint." (ECF No. 44 at PageID 916.) But this argument does not explain why Plaintiff's claim does not satisfy the Rule 8 pleading standard. (*Id.*) In fact, Plaintiff adds factual allegations and statutory authority in support of her proposed amended claim. (ECF No. 43-1 at PageID 840–42.) For these reasons, Judge Christoff recommended that this Court allow Plaintiff to amend and bring this claim. (ECF No. 50 at PageID 1105.) The Court agrees with Judge Christoff's conclusion.

### IV.     Summary of Recommendations About the Proposed Amended Complaint

After analysis of all claims in Plaintiff's proposed Amended Complaint, Judge Christoff makes these recommendations:

- The FDCPA claim against Faith Management is futile.

- The FDCPA claim against Mink for violating §1692(f) may proceed in the Amended Complaint.

- The FDCPA claim against Mink for violating §1692(g) is futile.

- The 42 U.S.C. § 1981 claim against Chatham Village may proceed in the Amended Complaint.

- The Fraudulent Title Transfer claims under Tenn. Code Ann. § 66-3-305 against Mink and Estate Ventures are futile.

- The 42 U.S.C. § 1985 claim against all Defendants may proceed in the Amended Complaint.

- Two of the wrongful foreclosure claims against Chatham Village and Mink under Tenn. Code Ann. § 66-27-415 may proceed in the Amended Complaint, only the allegations of falsifying documents and not holding a valid public sale during the foreclosure.

- The breach of contract claims against Chatham Village and Mink are futile.

- The breach of contract claim against Faith Management may proceed in the Amended Complaint.

- The claim against Chatham Village that its master deed violated Tennessee law is futile.

- The claim against Estate Ventures for violating Tennessee foreclosure laws may proceed in the Amended Complaint.

(ECF No. 50 at PageID 1096–1105.)  Having reviewed the record here, the Court agrees with Judge Christoff's recommendations.  Plaintiff's Amended Complaint may include these claims: 1) a FDCPA claim against Mink for violating §1692(f), 2) a § 1981 claim against Chatham Village, 3) a § 1985 claim against all Defendants, 4) wrongful foreclosure claims against Chatham Village and Mink, regarding falsified documents and the auction's validity, 5) a

breach of contract claim against Faith Management, and 6) a claim against Estate Ventures for violating Tennessee foreclosure laws.  If they wish, Defendants may renew their motions to dismiss after the Amended Complaint's filing.

## **CONCLUSION**

Having conducted a de novo review, the Court **ADOPTS** the R&R, **GRANTS IN PART** Plaintiff's Motion to Amend, and **GRANTS** Plaintiff another twenty-one days to serve Defendants Mink, Estate Ventures, and Faith management properly.  All pending dispositive motions are **DENIED WITHOUT PREJUDICE.**

**SO ORDERED**, this 19th day of March, 2024.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE