# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| SHANSHAN KONG, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>CHATHAM VILLAGE HOA, FAITH )<br>MANAGEMENT & REALTY GROUP, )<br>WAYNE MINK, and ESTATE VENTURES, )<br>LLC, )<br>)<br>  Defendants. ) | No. 2:23-cv-02405-TLP-atc |

## ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

In her Report and Recommendation ("R&R"), Magistrate Judge Annie T. Christoff ("Judge Christoff") recommends granting Defendants Chatham Village HOA and Wayne Mink's Motion for Summary Judgment. (ECF Nos. 105, 123.) For the reasons below, this Court **ADOPTS** the R&R.

### BACKGROUND AND THE R&R

On July 5, 2023, pro se Plaintiff Shanshan Kong sued Defendants Chatham Village HOA ("Chatham Village"), Faith Management & Realty Group ("FMRG"), Wayne Mink, and Estate Ventures, LLC ("Estate Ventures"). (ECF No. 1.) After losing her condominium to a foreclosure carried out by Defendants because of unpaid HOA fees, Plaintiff sued to challenge the validity of the foreclosure process and asserting civil rights claims under both state and federal law. (ECF No. 64.)

Under Administrative Order No. 2013-05, the Court referred the case to Magistrate Judge Charmaine G. Claxton ("Judge Claxton") for management of all pretrial matters. Judge Claxton recused herself, and the case was reassigned to Judge Christoff. (ECF Nos. 13, 16.) Each Defendant moved to dismiss the Complaint on July 27, 2023. (ECF Nos. 11–12, 14–15.) A few days later, Plaintiff objected to Defendants' Motions (ECF Nos. 18–19) and filed her own Motion for Summary Judgment. (ECF Nos. 20–21.)

On October 17, Plaintiff moved for leave to amend her Complaint, and then, before Judge Christoff ruled on the Motion, Plaintiff filed an Amended Complaint. (ECF Nos. 43, 45.) In early 2024, Judge Christoff entered an R&R recommending that the Court grant the Motion to Amend the Complaint in part and deny it in part; that the Court give Plaintiff 21 more days to serve Defendants Mink, Estate Ventures, and FMRG; and that the Court deny without prejudice all of the earlier dispositive motions. (ECF No. 50.) The Court adopted Judge Christoff's R&R on March 19, 2024.

On March 26, Defendant Chatham Village moved for Summary Judgment, and on April 4, Plaintiff tried to Amend her Complaint again. (ECF Nos. 62, 64.) Defendants Estate Ventures and FMRG both moved to dismiss for failure to serve them. (ECF Nos. 69, 71.) In her second R&R, Judge Christoff recommended that the Motions to Dismiss be granted and the Motion for Summary Judgment be denied. (ECF. No. 96.) The Court adopted Judge Christoff's R&R in early 2025 and dismissed Defendants Estate Ventures and FMRG. (ECF No. 119.)

After all that litigation, only four claims remained against Chatham Village and Mink. (*See* ECF Nos. 61, 64, 123.) The first remaining claim is that Mink violated § 1692f of the Fair Debt Collection Practices Act ("FDCPA") by not providing Plaintiff with a validation of debts and a debt collection warning. (ECF No. 64 at PageID 1449; ECF No. 123 at PageID 2391.)

2

Second, Plaintiff alleges that Chatham Village violated 42 U.S.C. § 1981 by impairing her contractual rights because of her race. (ECF No. 64 at PageID 1450; ECF No. 123 at PageID 2379.) Plaintiff's third claim is that Chatham Village and Mink conspired to violate Plaintiff's property rights because of her race in violation of 42 U.S.C. § 1985. (ECF No. 64 at PageID 1458; ECF No. 123 at PageID 2379.) The last remaining claim is that Chatham Village and Mink wrongfully foreclosed against Plaintiff in violation of Tenn. Code Ann. § 66-27-415 by falsifying documents relating to pre-foreclosure notice and by not having a valid public sale. (ECF No. 64 at PageID 1459; ECF No. 123 at PageID 2392.)

After the Second R&R, Defendants Chatham Village and Mink moved for Summary Judgment. (ECF No. 105.) Judge Christoff entered a third R&R recommending that the Court grant summary judgment and dismiss Plaintiff's claims against Defendants. (ECF No. 123.) Judge Christoff found that the undisputed facts entitled Defendants to judgment on Plaintiff's FDCPA claims, her wrongful foreclosure claims under Tenn. Code Ann. § 66-27-415, and her discrimination claims under 42 U.S.C. §§ 1981 and 1985. (*Id.*) Because Judge Christoff also recommended that the Court not award attorney fees for Defendants, they objected. (ECF Nos. 124–25.) And Plaintiff raised several objections to the decision to grant summary judgment. (*Id*.)

## **LEGAL STANDARD**

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters, including motions for summary judgment. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). If

3

neither party objects, then the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee's note. But if there is an objection, the district court reviews the objected-to portions of the R&R de novo. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

Plaintiff makes specific objections to the R&R, which largely reiterate arguments that she raised in opposition to the Motion for Summary Judgment. (*Compare* ECF No. 125 *with* ECF No. 113.) For example, Plaintiff objects to Judge Christoff's finding that it is an undisputed fact that Plaintiff had access to the AppFolio payment platform to pay her HOA fees at all times relevant here and that she asked her husband to set up the AppFolio account in July 2020. (ECF No. 125 at PageID 2407.) She asserts that she and her husband live separately and that they do not share all information. (*Id.*) She adds that Chatham Village emailed her husband to set up the AppFolio account under his email, sent later email notices to his email, and that she lacked access to her husband's personal email. (*Id.*)

Next, Plaintiff objects to Judge Christoff's alleged failure to consider that Chatham Village admitted that it could contact Plaintiff through her personal email and yet emailed her husband, who was not listed as the owner of the condominium. (*Id.* at PageID 2408.) She claims that any payments her husband made to Chatham Village for HOA fees were independent of Plaintiff. (*Id.*) Plaintiff also objects because Judge Christoff allegedly failed to consider that Plaintiff had allowed Chatham Village to use her banking information to auto-draft the HOA fees before its transition to AppFolio. (*Id.*) And she claims that Chatham Village could have continued to do so even after its transition to AppFolio. (*Id.*) Plaintiff notes that Defendants admitted that the tracking numbers on the notice of foreclosure that Mink sent to her by certified mail were illegible. (*Id.* at PageID 2408–09.)

And Plaintiff objects to the Court's alleged belief that she abandoned the condominium. (*Id.* at PageID 2409.) Plaintiff cites Tenn. Code Ann. § 66-29-105, which defines presumptions of abandonment under the Uniform Unclaimed Property Act. Under that Act, Plaintiff argues that property becomes abandoned after a lack of payment for more than three years. (*Id.*) Plaintiff further asserts that she was only past due on HOA fees for 120 days before foreclosure, so her property could not be treated abandoned. (*Id.*)

Plaintiff next objects to Judge Christoff's reliance on Mink's affidavit, citing Florida case law to suggest that the affidavit is inadmissible. (*Id.*) Plaintiff also asserts that Mink has not explained the absence of legible tracking numbers on the certified letter he mailed to Plaintiff. (*Id.* at PageID 2410.) And she claims that, since she did not receive and sign for the letters, they would have been returned to Mink, who has not revealed this is the case. (*Id.*)

Plaintiff next objects to Judge Christoff's alleged failure to consider that she tried to pay the HOA fees once she became aware that she owed them. And she asserts that there is no evidence that the "debt collecting letter" was sent to her and that Defendants should have given her 30 days to dispute the debt amount after receiving the "collection letter." (*Id.*) Plaintiff asserts that Defendant's had instead decided to foreclose her property before this in late 2022. (*Id.*)

Plaintiff's next objection is that Judge Christoff failed to consider that the foreclosure procedures violated the Tennessee Code and repeats her argument that she did not receive timely notice of the foreclosure. (*Id.*; ECF No. 113 at PageID 2284.) Plaintiff's last objection is that Judge Christoff wrongly concluded that Plaintiff has failed to show that Defendants impaired any of her contractual rights or deprived her of any of her constitutional rights. (ECF No. 125 at

5

PageID 2410–11.)  In making these arguments, Plaintiff repeats her arguments made earlier in response to the Motion for Summary Judgment.  (*Id.*)

Defendants make one specific objection to the R&R.  (ECF No. 124.)  Defendants object to Judge Christoff's decision not to award them attorneys' fees under §1988(b), asserting that this litigation has been so frivolous and expensive that it merits the award of attorneys' fees.  (*Id.*)

## **DISPOSITION**

Having reviewed the record, the Court finds no clear error in Judge Christoff's R&R.  And after reviewing the parties' objections to the R&R de novo, the Court agrees with her analysis.

In her R&R, Judge Christoff, after recounting the procedural history of this case, begins by laying out the undisputed facts.  (ECF No. 123 at PageID 2379.)  Judge Christoff notes that Plaintiff's filings are disorganized, making it hard to determine which facts were disputed.  Ultimately, Judge Christoff determined that certain facts were undisputed for different reasons.  For example, she found that Defendants' Facts Nos. 2, 3, 4, 8, 12, 13, 19, 23, 25, 26, and 32 were undisputed because Plaintiff failed to address them in her Response to the Motion.  (*Id.* at PageID 2379–80, n. 6 (citing ECF No. 114).)  Judge Christoff also determined that Defendants' Facts Nos. 1, 5, 6, 7, 9, 10, 11, 14, 15, 16, 17, 18, 20, 21, 22, 24, 27, 28, 29, 30, and 31 were undisputed because Plaintiff failed to cite the record sufficiently when she denied them or because Plaintiff simply added detail that did not contest the facts when she responded to them.  (*Id.* at PageID 2380, n. 7.)  Judge Christoff thus concludes that all of Defendants' facts were undisputed.  (See ECF No. 105-2.)  The Court has reviewed Judge Christoff's undisputed facts

6

for clear error and de novo for those facts Plaintiff objected to.  After its review, the Court agrees with Judge Christoff's conclusions about the undisputed facts.

Plaintiff objects to many of Judge Christoff's findings of undisputed facts.  (*See* ECF No. 125.)  Plaintiff first objects to the finding of fact that she had access to the AppFolio payment platform to pay her HOA fees at all relevant times to the case and that she asked her husband to set up the AppFolio account in July 2020.  (*Id.* at PageID 2408.)  In response, she reiterates her earlier claims that she and her husband had not lived together for a long time; that they live in separate countries; and that they do not share every piece of pertinent information with each other.  (*Id.* at PageID 2408.)  She adds that Chatham Village set up the AppFolio account under her husband's personal email instead of her personal email, to which Chatham Village had access.  (*Id.*)  In fact, according to Plaintiff Chatham Village emailed all later notices and information to her husband's personal email.  (*Id.*)  She also adds, without any evidence, that she could not access her husband's personal email.  (*Id.*)

In the R&R, Judge Christoff addresses many of these assertions in Footnote 11.

> Kong argues that she did not have access to AppFolio and specifically that she "was not able to set up the AppFolio as other owners do, because she never receive[d] the registration link to set up the account as other unit owners do." (ECF No. 114, at 3.) This assertion is simply untrue, as she admits in her Amended Complaint and as the Record reflects. (ECF No. 64, at 4; ECF No. 105-5, at 28–29; ECF No. 105-7 ¶¶ 7–8.) There is no dispute that she asked her husband to "set up" the Condo's AppFolio account in July 2020, or that his email address (snoopydu@gmail.com) was associated with the Condo's account. (ECF No. 64, at 4; ECF No. 61-1, at 17.) She also does not dispute that the snoopydu@gmail.com email address was used to access the AppFolio account (either by Kong or by her husband) to make HOA payments between December 2020 and August 2022. (See ECF 116, at 6; ECF No. 105-5, at 28–29; ECF No. 105-7 ¶¶ 7–8.) After the August 2022 payment (again, made either by Kong or her husband), Kong admits that she made no further payments because her husband "neglected" to make them. (ECF No. 64, at 4.) In other words, the Record (including Kong's own admissions) demonstrates that payments were made via AppFolio for a year and a half and then stopped after August 2022, not because Kong did not have access to AppFolio, but because her husband neglected to make the payments. "[T]he evidence is so powerful that no

> reasonable jury" could conclude that Kong did not have access to the AppFolio online portal, see Gibson v. Mathes, No. 2:14-CV-33-JRG-mclc, 2016 WL 4384691, at *2 (E.D. Tenn. Aug. 16, 2016), and thus Defendants' Fact No. 14 is undisputed.

(ECF No. 123 at PageID 2385 n. 11.) The Court agrees with Judge Christoff's analysis, and Plaintiff's assertions do not persuade the Court otherwise. Despite Plaintiff's claims that she lacked access to her husband and his email account, her account was paid over time through the AppFolio platform beginning in 2020. (*See* ECF No. 114 at PageID 2289; ECF No. 105-1 at PageID 2066–67.) And Plaintiff even admits that she tried to pay Chatham Village after the foreclosure, which would require her access to the AppFolio platform. (*See* ECF No. 114 at PageID 2289; ECF No. 105-1 at PageID 2066–67.) Upon review of the record, whether Plaintiff admitted to asking her husband to set up the AppFolio account or whether she was suggesting that Chatham Village had asked her husband to do so, remains unclear. (*See* ECF No. 105-2 at PageID 2084; ECF No. 114 at PageID 2288–89.) And whether the account was set up in July 2020 is also unclear. (*See* ECF No. 105-2 at PageID 2084; ECF No. 114 at PageID 2288–89.) But *who* requested that Plaintiff's husband set up the account and *exactly when* it was created is irrelevant to whether Plaintiff had access to the payment platform—which is undisputed and relevant to her claims.

That is not all. Plaintiff next disputes Judge Christoff's failure to inquire into why, if Defendants have admitted to having Plaintiff's email, they instead emailed her husband to set up the AppFolio account, insisting that her husband made all of the payments of his own free will. (ECF No. 125 at PageID 2408.) And she disputes Judge Christoff's failure to inquire into why Defendants did not draft the overdue fees from her bank account, since they have admitted to having her banking information. (*Id.*) But these concerns are immaterial to Judge Christoff's analysis and the outcome. (*See* ECF No. 123.) The onus was on Plaintiff to make timely

8

payments through the medium that Chatham Village chose to accept payment, and since, as Judge Christoff correctly concludes, Defendants rightfully foreclosed for the overdue fees, their access to her bank account and email are immaterial.

And Plaintiff points to Defendants' admission that the tracking numbers on the foreclosure notice sent by Mink are illegible, and objects to Judge Christoff's reliance on Mink's affidavit about mailing the letter. (ECF No. 125 at PageID 2410.) She cites Florida case law discussing the admissibility of affidavits in the context of evidentiary hearings. (ECF No. 125 at PageID 2409–10.) But Judge Christoff correctly noted that Federal Rule of Civil Procedure 56(c)(1)(A) "expressly allows a summary judgment movement to support an undisputed material fact with affidavits or declarations." (ECF No. 123 at PageID 2386 n. 17.) Plaintiff's citations to nonbinding out-of-context caselaw therefore does not persuade the Court. What is more, Plaintiff offers no admissible evidence to challenge the affidavit. (*Id.*) And the fact that the tracking numbers are illegible does not mean that the letter was not mailed to her.

Plaintiff also asserts that Judge Christoff treats her property as if it is abandoned under Tennessee's Uniform Unclaimed Property Act. (ECF No. 125 at PageID 2409.) But this Court finds that Judge Christoff's statement that it is an undisputed fact that the condominium "appeared abandoned with utilities disconnected" was a everyday reference to the appearance of the condominium, which *is* undisputed, and not a legal conclusion about the property. (ECF No. 123 at PageID 2386.)

Finally, with regard to the undisputed facts, Plaintiff challenges Judge Christoff's alleged failure to consider that she tried to pay off the overdue HOA fees and had Defendants properly notified her of the outstanding fees, she would have paid them off. (ECF No. 125 at PageID 2410.) She asserts, again, that there is no evidence that the debt collecting letter was mailed to

9

her and that she should have been provided 30 days to dispute the debt amount. With the first assertion, as noted above, it is undisputed that Plaintiff tried to pay the overdue fees after the foreclosure. (*See* ECF No. 114 at PageID 2289; ECF No. 105-1 at PageID 2066–67.) Defendants note that Plaintiff's objection is not only unsupported, but it is also vague as to when she tried to pay off the HOA fees. (ECF No. 105-1 at PageID 2066–67.) Meanwhile, that Plaintiff waited until after foreclosure to make the payment is undisputed. Plus Plaintiff's assertion does not support her claim that she would have paid off the overdue fees if she were properly notified, as she suggests, but that she had access to the AppFolio account. Further, Judge Christoff noted the many ways that Defendants contacted Plaintiff about her overdue fees, which undercuts Plaintiff's objection. (ECF No. 123 at PageID 2386 n. 14, 2391.)

As explained above and below, Plaintiff has not effectively challenged Mink's affidavit supporting the validity of the foreclosure notice letter. Nor has she done so for the Affidavit of Brandon McNary, supporting the validity of the debt collection letter. (*Id.* at PageID 2391.) The letters were mailed, and as Judge Christoff notes, Plaintiff was entitled to the letters being mailed out 30 days before the first publication of the notices of foreclosure in a local newspaper only if Defendants did not have a last known mailing address. (*Id.* at PageID 2387–2388 n. 20.) There is no evidence that Defendants did not have a last known mailing address. (*Id.*)

Next Judge Christoff offers proposed conclusions of law, and this section begins with the appropriate legal standard for summary judgment. (*Id.* at PageID 2388.) Neither party objects to the legal standard applied by Judge Christoff, and after review for clear error, the Court agrees with the legal standard applied by Judge Christoff. (*See* ECF Nos. 124–25.)

Judge Christoff analyzes each of Plaintiff's remaining claims in turn, beginning with her claim against Mink under § 1692f of the FDCPA. (ECF No. 123 at PageID 2391–94.) Her

analysis begins with laying out the elements of a claim under § 1692f of the FDCPA. Those elements are "(1) that the money or property subject to collection qualifies as a 'debt' under § 1692a(5); (2) that the entity acting as a collector qualifies as a 'debt collector' under § 1692a(6); and (3) that the debt collector violated one of the FDCPA's provisions." (ECF No. 123 at PageID 2391 (citing *Kimble v. W. Ray Jamieson, P.C.*, No. 2:17-cv-02187-SHM-tmp, 2018 WL 814225, at *2 (W.D. Tenn. Feb. 9, 2018) (internal quotations omitted).) She then concludes that the first two elements were undisputed: the outstanding HOA fees constitute a debt, and Mink was acting as a debt collector. She then addresses Plaintiff's allegations under the third element—that "Mink failed to comply with § 1692f's prohibition against unfair debt collection practices. Specifically, she alleges that Mink violated § 1692g by not providing a validation of debts and § 1692e by not providing a debt collection warning." (*Id.*)

       Then Judge Christoff notes that "[a]s to validation of debts, § 1692g(a) requires a debt collector to first provide notice of debts and—only if the debtor provides the creditor a written dispute of the debt within thirty days of notice—a validation of the debt pursuant to § 1692g(b)." (*Id.*) She then points to the two undisputed letters, among many other notifications of Plaintiff's unpaid and overdue HOA fees, that Defendants sent to Plaintiff: the debt collection letter sent to her by Attorney McNary on January 14, 2023, and the foreclosure notice sent to her by Attorney Mink on January 16, 2023. (*Id.*) She finds that both letters satisfy the requirement under § 1692e that Defendants' send Plaintiff a debt collection letter. (*Id.* at PageID 2392.) Judge Christoff also correctly finds that Plaintiff's claim failed because it is undisputed that Plaintiff failed to dispute the debt within 30 days of receiving either of these letters, and so she had no right to a validation of the debt under § 1692g(b). (*Id.* at PageID 2391.)

11

Judge Christoff then addresses Plaintiff's wrongful foreclosure claims under Tenn. Code Ann. § 66-27-415.  (*Id.* at PageID 2392.)  She notes that Plaintiff claims that Defendants falsified documents relating to pre-foreclosure notice alleging that Mink fabricated his notice of foreclosure sent on January 16th.  (*Id.*)  Judge Christoff finds that Plaintiff had provided no evidence supporting her theory that the notice of foreclosure was fabricated and never mailed, other than unsworn speculation.  (*Id.*)  She concludes that "[e]ven giving Kong the benefit of every reasonable inference, '[t]he evidence is so powerful that no reasonable jury would be free to disbelieve' that Mink did not forge the letter or the certified mail numbers and that he, in fact, sent it to Kong as reflected in the letter."  (*Id.* (citing *Gibson v. Mathes*, No. 2:14-CV-33-JRG-mclc, 2016 WL 4384691, at *2 (E.D. Tenn. Aug. 16, 2016)).)

Next, as to Plaintiff's claim that Defendants did not have a valid public sale of the condominium, Judge Christoff finds that "Defendants have carried their burden of showing that the sale was valid as permitted by the Chatham Village Master Deed and applicable Tennessee law, and [Plaintiff] has come forward with no evidence to the contrary."  (*Id.*)  She lists the undisputed facts showing that Plaintiff failed to pay her HOA fees because of her own or her husband's negligence.  (*Id.* at PageID 2393.)  Judge Christoff concludes that Defendants had the right to conduct a nonjudicial foreclosure under the Master Deed for the condominium and under Tennessee law.  (*Id.*)  Finally, she finds that Defendants provided all requisite notice to which Plaintiff was entitled.  (*Id.*)  Judge Christoff therefore recommends dismissal of Plaintiffs wrongful foreclosure claims.  (*Id.*)

And Judge Christoff recommends the dismissal of Plaintiff's discrimination claims under § 1981 and § 1985.  *(Id.)*  For the § 1981 claim, she notes that "[t]o state a claim under 42 U.S.C. § 1981, a plaintiff must initially identify an impaired contractual relationship, under which the

12

plaintiff has rights." (*Id.* (citing *Hastings v. Shelby Cnty. Gov't*, No. 17-2687-SHL-cgc, 2018 WL 7348026, at *3 (W.D. Tenn. Oct. 23, 2018), *report and recommendation adopted as modified*, 2019 WL 313203 (W.D. Tenn. Jan. 24, 2019)).) Additionally, Judge Christoff sets forth the elements of a § 1985(3) claim. (*Id.* at PageID 2393–94.)[1] She adds that Plaintiff has failed to show that Defendants impaired any of her contractual rights or deprived her of any constitutional rights. (*Id.* at PageID 2394.) Because Plaintiff's entire case hinged on the wrongful foreclosure of her condominium and that premise was false, her discrimination claims could not survive the Motion for Summary Judgment. (*Id.*)

Finally, Plaintiff challenges Judge Christoff's conclusion that Plaintiff failed to prove that Defendants impaired her rights.

> It's not true, plaintiff has shown that: 1) Master deed requires Notice of default to be sent to unit owner through certified mail, but HOA never send such a notice to plaintiff; 2) Master deed allows numerous ways to enforce lien, but Chatham HOA choose the most hostile way to enforce the lien on plaintiff's condo; 3) Defendants admitted that the Association have drafted plaintiff's checking account to satisfy the unpaid assessments, (ECF 62-2, page ID 1305) HOA easily draft from plaintiff's checking account as unpaid assessments accrued (ECF 62-7, page ID 1417). but Chatham HOA foreclosed her condo, which deprived her property rights, ownership and membership which are defined as contractual rights in the master deed.

(ECF No. 125 at PageID 2410–11.) First, it is undisputed that Defendants sent two letters notifying Plaintiff of her outstanding debt and the impending foreclosure to her by certified mail.

---

[1] The elements, as Judge Christoff laid them out are:
> 1) defendants conspired 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws;' and 2) the defendants committed acts that deprived the claimant 'of having and exercising any right or privilege of a citizen of the United States.

(ECF No. 123 at PageID 2394 (citing *Bartell v. Lohiser*, 215 F.3d 550, 559 (6th Cir. 2000)).)

13

Second, as Judge Christoff stated, because Plaintiff bases her claim of discrimination on Defendants' decision to foreclose, the claim fails here because Defendants conducted the foreclosure lawfully. (ECF No. 123 at PageID 2394.) In the end, Plaintiff had no contractual or constitutional right to any of the other methods of lien enforcement under the Master Deed. On the contrary, the Master Deed entitled Defendants to conduct a nonjudicial foreclosure in response to a failure to pay overdue HOA fees. And so her second objection still fails to identify a contractual or constitutional right that has been impaired or deprived.

Her third objection simply repeats a previous argument. And as noted earlier, the onus was on Plaintiff to pay her outstanding fees through the method that Chatham Village applied to all the HOA members. The Court would also note that, upon review of the record, Plaintiff has provided no evidence, beyond speculation, that Defendants were motivated by her race. In fact Plaintiff proves convincingly that Defendants had financial motivations, not racial ones. (ECF No. 64 at PageID 1458.)

In a footnote, Judge Christoff recommends denying Defendants' request for attorneys' fees under 42 U.S. C. § 1988(b). (*Id.* at n. 23.) Noting that "an award of attorney fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct," Judge Christoff found this case does not warrant attorneys' fees. (*Id.*) Defendants object. (ECF No. 124.)

The thrust of their objection is that "Ms. Kong's case was so meritless, unnecessary, and specifically-targeted to embarrass and damage that, the Defendants believe, payment of fees is appropriate." Under *Hughes v. Rowe*, courts may order a plaintiff to pay attorneys' fees only if the district court finds "that the Plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." 449 U.S. 5, 14 (1980) (quoting

14

*Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)).  But the *Hughes* Court also explains that "[a]n unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims," and "[a]llegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, "groundless" or "without foundation" as required by *Christiansburg*." *Id.* at 15.  What is more, the decision to grant fees in cases where the claims could be frivolous enough to meet the *Hughes* standard is within the Court's discretion.  *See id.* at 14; 42 U.S.C. § 1988(b).  While Defendants thoroughly explain the inconsistencies in Plaintiff's arguments and allegations, the Court sees no reason to reject Judge Christoff's discretionary recommendation, especially when the Plaintiff pleaded and argued claims that survived a Motion to Dismiss.  (*See* ECF No. 61.)

## CONCLUSION

The Court has reviewed Judge Christoff's R&R, finds no clear error, and agrees with her reasoning as to the objected-to portions after conducting a de novo review.  And so, the Court **ADOPTS** the R&R and **GRANTS** Defendants' Motion for Summary Judgment.

**SO ORDERED**, this 30th day of September, 2025.

                                               s/Thomas L. Parker
                                              THOMAS L. PARKER
                                              UNITED STATES DISTRICT JUDGE